IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Harold Watt, Jr., ) | Civil Action No. 2:10-cv-1385-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Michael J. Astrue, Commissioner of Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

      This matter arises out of the Commissioner's denial of Plaintiff's application for Disability Insurance Benefits. The Magistrate Judge has recommended that this matter be reversed and remanded for further administrative proceedings. (Dkt. No. 14). The Commissioner has advised the Court he does not object to the recommendation of the Magistrate Judge. (Dkt. No. 15). Therefore, this Court adopts the Report and Recommendation of the Magistrate Judge and reverses and remands this matter for the reasons outlined herein.

**Standard of Review**

      The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b) (1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). The Commissioner's findings of fact are not binding, however, if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir.1987).

## Analysis

The plaintiff contends that the ALJ erred in failing to find him disabled. Specifically, the plaintiff alleges that the ALJ erred (1) in failing to consider the opinion of Dr. William Stewart; (2) in failing to accord the opinions of certain physicians controlling weight; (3) in failing to find him credible; and (4) in failing to formulate a proper residual functional capacity.

### 1.   Dr. Stewart

The plaintiff first contends that the defendant failed to even mention, much less properly credit, the opinion of Dr. William Stewart. Dr. Stewart evaluated the plaintiff and performed extensive vocational and psychological testing on January 18, 2008. (R. at 245.) Dr. Stewart's vocational opinion was that the plaintiff is limited to less than a full range of sedentary work and is disabled. (R. at 253.) "It is also concluded that the plaintiff has not been job ready or placeable since he was injured, or last tried to continue working as best he could, and that he remains unable to work because of these injuries and ongoing problems and limitations . . . ." *Id.* He gave his professional opinion that the plaintiff has "permanent work restrictions limiting him to less than a full range of sedentary activity, because of these injuries and ongoing problems and limitations." (R. at 253.) Dr. Stewart's evaluation and opinions were given two months after the plaintiff's back surgery and exactly two months before the plaintiff supposedly improved to the point of being able to sustain full time employment.

Where an ALJ fails to address a significant, if not controlling piece of medical evidence and opinion, it puts the Court in the awkward position of guessing about it or worse, making some independent medical and vocational judgment, concerning its

significance. The administrative decision offers no guidance and remand on this point is required.

### 2.  Treating doctors

The plaintiff has also complained that the ALJ failed to apply the proper standard in considering the opinions of alleged treating physicians, Drs. Carol Burnett, Erick Loudermilk, and Tauqeer Alam. The medical opinion of a treating physician is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record. *See* 20 C.F.R. §416.927(d)(2)(2004); *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001).

As with Dr. Stewart, the ALJ has simply not discussed the opinion of Dr. Loudermilk. More precisely, the ALJ notes the evidence of Dr. Loudermilk's treatment. (R. at 14-15.) But the ALJ failed to give it any specific evaluative weight under his analysis. (See R. at 22-23.)

However, contrary to the Plaintiff's arguments, the ALJ did discuss and weigh the opinions of Drs. Brunette and Alam and this Court cannot re-weigh that evidence. For example, the ALJ found that Dr. Burnette's opinions were "largely based upon the subjective allegations of the claimant and not supported by his objective medical findings. . . ." (R. at 22.) Dr. Burnette found some limitation on the plaintiff's range of motion, but no evidence of weakness, atrophy, or decreased sensation or reflexes. (See R. at 397-398.) Dr. Burnette also observed that previous diagnostic studies did not confirm the existence of lower back pain radiating into plaintiff's legs (lumbar radiculopathy). (R. at 398.) The ALJ found that this objective evidence did not support Dr. Burnette's

4

description of severe work related limitations and inferred that the doctor's opinion was based, instead, on the plaintiff's subjective description of his own symptoms and limitations. (R. at 22.) The ALJ also discussed Dr. Alam and noted that opinions regarding lower back pain were inconsistent with evidence of improvement following the plaintiff's disk decompression operation. (R. at 22.) There was substantial evidence that the plaintiff's condition improved following the operation. (See R. at 394, 400, 425, 536, 537.) This included the plaintiff's own statement that "he is 75% better." (R. at 394.) Hence, the ALJ concluded that he did not find Dr. Alam's medical statement "probative in determining the claimant is unable to work since March 21, 2008." (R. at 23.)

Accordingly, upon remand, the ALJ must revisit the opinion of Dr. Loudermilk.

### 3.     Credibility

The plaintiff asserts that the ALJ relied on "minimal activities to diminish" his credibility. The ALJ focused on a lack of objective medical evidence, including evidence of significant improvement" after his back surgery and no evidence of limiting carpel tunnel syndrome, sleep apnea, or depression. (R. at 19, 394, 400, 425, 469, 537, 538.) The ALJ also focused on numerous other activities of daily living not contested by the plaintiff. (R. at 19, 191, 194, 195, 222, 475-76.) However, this Court is concerned about the ALJ's included conclusion, in the credibility determination, that the plaintiff exhibited drug-seeking behavior. (R. at 21.) The record is not only devoid of evidence of drug-seeking behavior, but actually replete with references to the plaintiff's appropriate usage. "Mr. Watt has been compliant with his prescriptions and appointments and I plan to refill his pain medications today. (R. at 394.) "He remains compliant with

his prescriptions and appointments and I plan to refill his medications today." (R. at 632; see also R. 627-631.) The ALJ should revisit this issue upon remand.

### 4. Residual Functional Capacity

In light of the evidentiary issues necessitating remand, the ALJ will be required to reevaluate the plaintiff's RFC, and ability to perform work in the national economy, based on whatever adjustments to it are dictated by the additional review of the medical and credibility evidence.

### Conclusion

Based on the above, this matter is reversed pursuant to sentence four of 42 U.S.C. § 405(g) and remanded on the points above to the ALJ for further consideration as outlined in this Order.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

July 27, 2011
Charleston, South Carolina